NO PARTIES AMENDED
ORIGINAL

**BAKER, LESHKO, SALINE & BLOSSER, LLP**
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601
914.681.9500
Mitchell J. Baker (MB-4339)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

RONALD JONES,
              Plaintiff,

    -against-

RYE CITY SCHOOL DISTRICT,
              Defendant.
------------------------------------x

06 Civ. 14356 (WCC)

**JURY TRIAL DEMANDED**

**AMENDED COMPLAINT**

Plaintiff, Ronald Jones, by her attorneys, Baker, Leshko, Saline & Blosser, LLP, complaining of the above-mentioned defendant, alleges as follows:

1. Plaintiff Ronald Jones is a citizen and resident of the County of Westchester, State of New York.

2. Defendant Rye City School District (the "School District") is an entity organized under and existing pursuant to the laws of the State of New York.

3. This action involves the deprivation of certain rights guaranteed by the United States Constitution and federal law, an in particular Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII").

4. Jurisdiction of this Court is based upon 28 U.S.C. Section 1331 (federal question).

5. Venue of this Court is proper in this District pursuant to 28 U.S.C. Section 1391.

6. Mr. Jones was and is at all relevant times herein an employee of the School District employed in the capacity as a janitor/custodian.

7. Mr. Jones has worked for the School District for approximately five and one half (5 ½) years.

8. Mr. Jones is an African/American.

9. In the past Mr. Jones has taken certain days off for "sick time" all within the allowances provided for in the contract between his union and the School District.

10. On or about February 7, 2006 I was suspended by the School District without pay for the alleged reason of taking excessive sick time.

11. Upon information and belief, the union contract between Mr. Jones' union and the School District allows any employee such as Mr. Jones to take unlimited sick time.

12. All of Mr. Jones' co-workers in the custodial department of the School District are white.

13. Many if not all of the co-workers of Mr. Jones have taken the same amount of more sick days than Mr. Jones and have never been disciplined, given a warning or a suspension for taking such sick time.

14. Mr. Jones filed in a timely fashion a complaint with the Equal Employment Opportunity Commission which was assigned complaint no. 520200600823.

15. By letter dated September 14, 2006, the United States Department of Justice, Civil Rights Division, issued by Mr. Jones a "right to sue" letter. (A copy of this letter is annexed hereto as Exhibit "A").

## AS AND FOR A FIRST CLAIM FOR RELIEF

(Race Discrimination)

16. Plaintiff is an employee within the meaning of Title VII.

17. The School District is an employer within the meaning of Title VII.

18. The School District took an adverse employment action by against Mr. Jones by suspending him due to his color in violation of Title VII.

3

19. Mr. Jones has been damaged due to the illegal actions of the School District.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(Retaliation Claim)

20. Plaintiff repeats and realleges all of the allegations and statements contained in paragraphs "1" through "19" of this complaint as if more fully set forth herein.

21. On or about December 12, 2006 Mr. Jones commenced the instant action against the defendant.

22. On or about December 13, 2006 counsel to Mr. Jones served the original complaint in this matter on the defendant by first class regular mail.

23. Thereafter, and after such date that defendant actually received the complaint, defendant terminated the employment of Mr. Jones.

24. Upon information and belief, the actions of the defendant were taken in retaliation of Mr. Jones' filing an EEOC complaint as well as commencing the instant action.

25. The actions of defendant are illegal pursuant to Title VII.

26. Due to the actions of defendant, Mr. Jones has been damaged.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first claim for relief, a declaration that the School District has unlawfully discriminated against plaintiff on the basis of color in violation of Title VII, back pay, front pay, compensatory and punitive damages and reasonable attorneys' fees;

2. On the second claim for relief, a declaration that the School District has unlawfully retaliated and discriminated against plaintiff on the basis of color in violation of Title VII, back pay, front pay, compensatory and punitive damages and reasonable attorneys' fees;

3. Costs and disbursements of this action; and

4. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
February 7, 2007

> BAKER, LESHKO, SALINE & BLOSSER, LLP
> *Attorneys for Plaintiff*
>
> By: _____
> Mitchell J. Baker (MB-4339)
> One North Lexington Avenue
> White Plains, New York 10601
> 914.681.9500

## Exhibit "A"

(Right to Sue Letter)


**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5056 3165

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

September 14, 2006

Mr. Ronald Jones
c/o Anthony C. Saline, Esquire
Law Offices of Baker, Saline, et al.
Attorneys at Law
1 North Lexington Ave.
White Plains, NY  10601

Re:  EEOC Charge Against Rye City School Dist.
     No. 520200600823

Dear Mr. Jones:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson* (signature)

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  New York District Office, EEOC
     Rye City School Dist.