UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD JONES,                                            06 CV 14356 (WCC)

                Plaintiff,

-against-

RYE CITY SCHOOL DISTRICT,

                Defendants.
------------------------------------------------------------X

## DEFENDANTS' LOCAL RULE 56.1
## STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant RYE CITY SCHOOL DISTRICT by and through their attorneys, RUTHERFORD & CHRISTIE, LLP, submit the following statement of material facts in connection with their motion for summary judgment to Rule 56 of the Federal Rules of Civil Procedure:

1.      Plaintiff Ronald Jones ("Plaintiff") started his employment as a part-time custodian for the District in September 2000. (Pl Tr. p. 17, lines 7-11).

2.      Plaintiff obtained a full-time position in 2003. (Pl Tr. p. 17, lines 7-11).

3.      Once he obtained a full time position, plaintiff became a member of the Civil Service Employees Association, Inc. ("CSEA"). (Pl Tr. 17, lines 12-16).

4.      The terms of plaintiff's employment were outlined by the CSEA collective bargaining agreement. (Shine Tr. p. 14, lines 17-25; p. 15, lines 1-25); See also, Exhibit "H".

5.      Pursuant to the terms of the collective bargaining agreement, the amount of time a custodian may be absent for personal illness and continue to receive full pay was limited by the

discretion of the District's Board of Education. (Shine Tr. p. 48, lines 8-16); *See also*, (Ex. "H" at 10, ¶5).

6. The collective bargaining agreement outlines the amount of vacation days allotted to an employee as well as the procedure to be followed when an employee wanted to use such days. (Shine Tr. p. 47, lines 20-25; p. 49, lines 4-7); *See also*, (Ex. "H" at 8, ¶¶1-2; p. 11, ¶8).

7. Leave taken with respect to family illness and/or death in the family are addressed in the collective bargaining agreement. (Ex. "H" at 10, ¶6-7).

8. Plaintiff received an annual performance evaluations as per the collective bargaining agreement. (Ex "I" at 13, ¶1).

9. Plaintiff's annual performance evaluation for the 2003-2004 school year indicated that he must improve his attendance for the upcoming school year. (Ex "K" at 2).

10. On October 15, 2004, Steven Freer, the director of facilities, sent the plaintiff a memorandum to address his excessive absences. (Ex. "K").

11. The October 15, 2004 memorandum stated that the plaintiff took 6 sick days, 3 days for family illness and 2 personal days during the period of July 1, 2004 to October 15, 2004. (Ex. "K").

12. On March 7, 2005, Mr. Freer sent plaintiff another memorandum addressing his excessive absences. (Ex. "M").

13. The March 7, 2005 memorandum stated that the plaintiff had taken an additional 6.5 sick days and 3 personal days since October, 2004. (Ex. "M").

14. The March 7, 2005 memorandum warned the plaintiff to improve his attendance or the District would pursue disciplinary charges. (Ex. "M" at 2).

15. Plaintiff received an annual appraisal for the period of May 2004 to April 2005. (Ex. "L")

16. The annual appraisal for the 2004-2005 school year noted the plaintiff had not improved his attendance. (Ex. "L").

17. On July 20, 2005, Mr. Freer sent the plaintiff a memorandum regarding his improper request for vacation time. (Ex. "P").

18. More specifically, the memorandum advised the plaintiff that it was not proper procedure to call on the same morning he was requesting vacation time. (Ex. "P" at ¶1).

19. On July 25, 2005, Mr. Freer sent plaintiff a memorandum addressing his excessive absences. (Ex. "Q").

20. The July 25, 2005 memorandum issued plaintiff another warning to improve his absences or disciplinary action would be brought against him. (Ex. "Q").

21. On August 31, 2005, Mr. Freer sent plaintiff a memorandum regarding his excessive absences. (Ex. "R").

22. The memorandum indicated that the plaintiff had taken an additional 5 days in sick time, 2 days for family illness and 5 personal days. (Ex. "R").

23. These additional days totaled to 16 sick days, 5 family illness days and 10 personal days for the period of July 1, 2004 to August 31, 2005. (Ex. "R").

24. The dates listed in the August 31, 2005 shows that the plaintiff took time off around the following holidays during the 2004-2005 school year: July 4, Labor Day, Columbus Day, New Years Eve, Easter and Passover. (Ex. "R").

25. The dates listed in the August 31, 2005 shows that the plaintiff took time off either on a Monday or Friday to extend the weekend in September 2004, November 2004, December 2004, February 2005 and May 2005. (Ex. "R").

26. To plaintiff's own admission, he was "unfortunately" sick "after or on weekends or after holidays." (Pl. Tr. p. 32, lines 15-20).

27. Mr. Freer sent the plaintiff a letter dated September 14, 2005 advising his excessive absence problem was being referred to the Superintendent, Deputy Superintendent and building principal. (Ex. "S").

28. The memorandum also addressed that there were at least 23 instances since 2003 in which the plaintiff was absent around a weekend or holiday. (Ex. "S" at ¶3).

29. Former Deputy Superintendent Daniel T. McCann sent the plaintiff a letter dated September 21, 2005 requesting he attend a meeting to discuss his excessive absences. (Ex. "T").

30. The September 21, 2005 meeting advised the plaintiff of his right to bring union representation to the meeting as such meeting may rise to disciplinary consequences. (Ex. "T").

31. At the September 21, 2005 meeting, plaintiff was advised that he needed to improve his absences. (Pl. Tr. p. 31, lines 9-14).

32. On November 17, 2005, Dr. McCann sent the plaintiff a letter requesting he attend a meeting to once again discuss his excessive absences. (Ex. "U").

33. The letter advised the plaintiff to bring copies of medical notes to substantiate his absences. (Ex. "U").

34. At the time of this letter, plaintiff called out sick 4 times, used 2 personal days and 8 vacation days. (Ex "U").

4

35. On November 29, 2005, Plaintiff met with Dr. McCann, Dr. Shine, Elaine Cugiletto to discuss his attendance. (Pl Tr. p. 61, lines 21-25).

36. At that meeting, the plaintiff did not present any medical notes to substantiate his absences. (Pl Tr. p. 62, lines 4-6).

37. On February 8, 2006, the District served the plaintiff with a Notice of Hearing and Statement of Charges under Civil Service Law Section 75 ("Section 75 Charges"). (Ex. "V").

38. The Section 75 charges outline plaintiff's attendance records and requested a hearing to determine the appropriate penalty. (Ex. "V").

39. Plaintiff was suspended without pay pending the outcome of the hearing. (Pl Tr. p. 65, line 25; p. 66, lines 1-3).

40. Based upon discussions between plaintiff's attorney and counsel for the District, on March 29, 2006 a Stipulation of Settlement was entered into between the plaintiff and the District. (Pl Tr. p. 66, lines 20-25); (Ex "W").

41. As a result of entering into this stipulation, the District dropped the pending Section 75 charges against the plaintiff. (Ex "W").

42. Pursuant to the terms of the Stipulation of Settlement, plaintiff would not be eligible to any paid sick leave and was required to provide his supervisor five days notice of his intention to take vacation. (Ex. "W" ¶6a-b).

43. The Stipulation of Settlement also required the plaintiff provide a doctor's note for any sick leave taken, whether it was for himself or for a family illness, within five days. (Ex. "W" ¶6c).

44. The Stipulation of Settlement allowed the District to terminate the plaintiff's employment in the event he "engaged in any acts of misconduct that are similar in nature" to his previous conduct. (Ex. "W" ¶7).

45. Prior to executing the stipulation, plaintiff consulted with an attorney. (Pl Tr. p. 67, lines 20-25).

46. Upon execution of the stipulation, plaintiff returned to work on April 4, 2006. (Pl. Tr. p. 70, lines 25; p. 71, lines 2-3).

47. On September 12, 2006, Dr. Shine sent a letter to the plaintiff requesting he attend a meeting with the head of personnel on September 14, 2006. (Ex. "Y").

48. Dr. Shine sent the plaintiff a memorandum dated September 21, 2006 summarizing the September 14, 2006 meeting. (Ex. "Z").

49. In the memorandum, Dr. Shine states how the plaintiff took unauthorized leave on September 1 and September 5, 2006; the Friday and Monday of the Labor Day weekend. (Ex. "Z" at ¶3).

50. Dr. Shine sent another letter to the plaintiff dated December 6, 2006 in which plaintiff was asked to attend a meeting on December 13, 2006 to discuss his absences. (Ex "AA").

51. Plaintiff filed and served the instant complaint on December 12, 2006; six days after being advised of possible termination. (Ex "A").

52. At the December 13, 2006 meeting, plaintiff was advised he had violated the Stipulation of Settlement by not providing a doctor's note to document a family illness as required by the agreement. (Shine Tr. p. 24, lines 20-25; p. 25, lines 1-5).

53. As a result of plaintiff's wilful disregard to the agreed upon terms in the Stipulation of Settlement, Dr. Shine advised the plaintiff that he would be recommending his employment be terminated as per the agreement. (Shine Tr. p. 25, lines 1-5).

54. On December 14, 2006, Dr. Shine sent plaintiff a letter summarizing the meeting held on December 13, 2006. (Ex "BB").

55. In his letter, Dr. Shine stated that the unauthorized absence at issue was the one plaintiff took the Wednesday of the Thanksgiving weekend. (Ex "BB" at ¶3).

56. The letter advised the plaintiff he would be suspended without pay until January 9, 2007; at which time a recommendation for his termination could be made to the Board of Education. (Ex "BB" at ¶6).

57. The only reason for the recommendation of plaintiff's termination was due to his wilful violation of the Stipulation of Settlement. (Shine Tr. p. 27, lines 15-23).

58. On January 5, 2007, plaintiff's counsel sent a letter to the District advising that plaintiff's mother was not under medical care at the time of the absence taken around Thanksgiving. (Ex "DD" at 2).

59. On January 11, 2007, a letter was sent to the plaintiff advising him of the Board of Education's approval of the termination of his employment. (Ex "CC").

Dated: New York, New York
       June 6, 2008

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
Lewis R. Silverman (LS 9723)
Julie A. Rivera (JR 1817)
Attorneys for Defendant,
RYE CITY SCHOOL DISTRICT
369 Lexington Avenue, 8th Floor
New York, New York 10017-5947
(212) 599-5799
Our File No.: 5001.116


TO: BAKER, LESHKO, SALINE & BLOSSER, LLP
Attorneys for Plaintiff
One North Lexington Avenue
White Plains, New York 10601
(914) 681-9500
Attention: Mitchell Baker, Esq.